## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

ESTHERE OCTAVE,

            Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION,

            Defendant.

_____/

### <u>COMPLAINT</u>

**COMES NOW,** the Plaintiff, ESTHERE OCTAVE, by and through undersigned counsel, and brings this action against the Defendant, U.S. BANK NATIONAL ASSOCIATION ("U.S. BANK"), and as grounds thereof would allege as follows:

### <u>INTRODUCTION</u>

1. This is an action brought by a consumer for Defendant's violation of the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and TILA's respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendant's failure to comply with Section 1639g of TILA, Section 2605(k) of RESPA, Sections 1024.35 and 1024.36 of Regulation X, and Section 1026.36 of Regulation Z.

## JURISDICTION

4.　　　Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5.　　　Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6.　　　Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7.　　　At all times material hereto, Defendant, U.S. BANK was and is a banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act; duly licensed to transact business in the State of Florida, and has a principal address of 800 Nicollet Mall, Minneapolis, MN 55402.

8.　　　At all times material hereto, Defendant, U.S. BANK was and is a creditor as the term is defined in 15 U.S.C. §1602(g).

9.　　　At all times material hereto, Defendant, U.S. BANK was and is an assignee pursuant to 15 U.S.C. § 1641. Upon information and belief, the assignment to U.S. BANK was voluntary.

10.　　　At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

11.　　　At some point in time prior to the violations alleged herein, U.S. BANK was hired to service the subject loan.

12.     At all times material hereto, U.S. BANK, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by U.S. BANK and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** S. Dixie Hwy #210, Deerfield Beach, Florida 33441.

## BACKGROUND AND GENERAL ALLEGATIONS

13.     On or about December 7, 2006, Plaintiff entered into a fixed rate promissory note agreement with Service Mortgage Underwriters, Inc., a Florida S Corporation (the "Note").

14.     The Note was secured by a mortgage on Plaintiff's residence located at **** S. Dixie Hwy #210, Deerfield Beach, Florida 33441, in favor of Mortgage Electronic Registration Systems, Inc. (the "Mortgage").

15.     Plaintiff's residence is a residential structure containing one to four family housing units.

16.     The Note signed by Plaintiff in connection with the Mortgage serviced by U.S. BANK is a consumer credit transaction within the meaning of, and subject to, TILA.

17.     The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

18.     The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

19.     Plaintiff had legitimate concerns about specific charges that were being added to Plaintiff's account, as evidenced on monthly mortgage statements issued by U.S. BANK.

20.     On or about January 2, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to U.S. BANK a written request for information pursuant to TILA, Regulation X, and Regulation Z

("Plaintiff's RFI"). U.S. BANK received Plaintiff's RFI on or about January 8, 2015. A copy was provided to U.S. BANK's counsel.

21.     A true and correct copy of same is attached as Exhibit "A".

22.     Plaintiff's RFI asked U.S. BANK, *inter alia*, to: (1) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement"); and (2) provide a detailed explanation and documentation to support various fees imposed on a December 16, 2014, mortgage statement.

23.     For example, there were vague fees listed on the mortgage statement such as "Other Fees".

24.     U.S. BANK was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

25.     Section 1639g of TILA, states: "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."

26.     Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

12 C.F.R. § 1026.36(c)(3)

27.     U.S. BANK, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

28.      U.S. BANK, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

29.      Weeks had passed and U.S. BANK had not provided an accurate payoff statement.

30.      As such, on January 27, 2015, Loan Lawyers, on behalf of Plaintiff, sent U.S. BANK a notice of error pursuant to 12 C.F.R. § 1024.35(b)(6) ("the "NOE").

31.      A true and correct copy of the NOE is attached hereto as Exhibit "B".

32.      A copy of the NOE was provided to U.S. BANK's counsel.

33.      U.S. BANK was obligated to provide a written acknowledgment of the NOE within five (5) business days from receipt of same, pursuant to 12 C.F.R. § 1024.35(d).

34.      U.S. BANK was obligated to provide a written response to the NOE within seven (7) business days from receipt of same, pursuant to 12 C.F.R. § 1024.35(e)(3)(A).

35.      U.S. BANK failed to acknowledge or respond to the NOE within the required timeframe.

36.      Nearly a month later, U.S. BANK responded to Plaintiff's RFI (the "Response").

37.      A true and correct copy of the Response is attached hereto as Exhibit "C".

38.      Upon review of the Response, it was deficient of what Plaintiff sought in the request for information.

39.      Plaintiff specifically sought documentation to support the charges alleged to have been incurred and subsequently charged to Plaintiff's Loan.

40.      U.S. BANK failed to provide any invoices or proofs of payment that would justify the imposition of the charges.

41.     U.S. BANK provided a pay history, which was of no consequence because many of the pages of the pay history pertain to another borrower, whom Loan Lawyers does not represent.

42.     Moreover, the Response included a payoff statement that was outdated (the "Payoff"). The Payoff was dated January 16, 2015, and only valid until February 1, 2015, which passed three weeks prior to U.S. BANK's issuance of the Response.

43.     The Payoff indicated the total payoff amount was $157,334.60.

44.     However, on January 21, 2015, Plaintiff consented to a final judgment of foreclosure in a pending foreclosure action, whereby the total amount of the judgment was $116,267.85, more than $40,000 less than the Payoff amount which was allegedly prepared prior to the entry of the final judgment of foreclosure.

45.     As such, Plaintiff wished to see documentation supporting the charges imposed on her Loan.

46.     In an attempt to amicably resolve the above issues, Plaintiff's counsel sent U.S. BANK's counsel, a letter asking for U.S. BANK to provide the documentation regarding the charges that Plaintiff original sought in Plaintiff's RFI.

47.     A true and correct copy of the letter is attached hereto as Exhibit "D".

48.     Specifically, Plaintiff sought copies of the property inspection invoices, reports, and photographs taken of the property. *See Exhibit "D"*.

49.     To date, U.S. BANK has failed or refused to provide a response in compliance with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

50.     U.S. BANK has failed or refused to provide an accurate payoff statement within seven (7) business days after receiving a request, contrary to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

51.     U.S. BANK failed to or refused to acknowledge receipt of the notice of error within five (5) business days, in a violation of Section 1024.35(d).

52.     U.S. BANK failed to or refused to respond to this "error" within seven (7) business days, in a violation of Section 1024.35(e)(3)(i)(A).

## COUNT I –VIOLATION OF 15 U.S.C. § 1639g

53.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 52.

54.     U.S. BANK violated 15 U.S.C. § 1639g by failing to timely provide an accurate payoff statement upon request.

55.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

56.     Plaintiff is entitled to the following damages for violations of TILA by Defendant, U.S. BANK: statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. § 1640(a)(3).

## COUNT II –VIOLATION OF 12 U.S.C. § 2605(k)

57.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 52.

58.     Section 6, Subsection (k) of RESPA states in relevant part:

**(k) Servicer prohibitions**
**(1) In general**
A servicer of a federally related mortgage shall not--
…
**(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of

paying off the loan, or avoiding foreclosure, or other standard servicer's duties;

**(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or

**(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

59.     Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

60.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

61.     U.S. BANK has failed to comply with 12 C.R.F. § 1024.35(d) and 12 C.F.R. § 1024.35(e)(3)(i)(A) in that U.S. BANK did not provide a written acknowledgement or response to a notice of error asserted under 12 C.F.R. § 1024.35(b) within the required timeframe.

62.     As such, U.S. BANK has violated 12 U.S.C. § 2605(k)(1)(C).

63.      U.S. BANK has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that U.S. BANK failed to provide a compliant response to a request for information.

64.      As such, U.S. BANK has violated 12 U.S.C. § 2605(k)(1)(E).

65.      Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

66.      Plaintiff is entitled to actual damages as a result of Defendant, U.S. BANK's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to U.S. BANK's failure to adequately respond to Plaintiff's RFI. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Marais v. Chase Home Finance, LLC, 24 F.Supp.3d 712 (S.D. Ohio 2014)(the court, on remand, finding that actual damages encompass costs incurred in mailing QWR and "all expenses, costs, fees, and injuries" attributable to servicer's failure to appropriately respond to QWR); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

67.     Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of U.S. BANK's pattern or practice of noncompliance with Regulation X and RESPA.

68.     In this case alone, U.S. BANK has violated six (6) separate provisions of Regulation X and RESPA.

69.     Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to U.S. BANK, relating to other clients under the applicable statutes, in which U.S. BANK failed to acknowledge or adequately respond as required by law.

70.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, ESTHERE OCTAVE, respectfully asks this Court to enter an order granting judgment for the following:

(a)  That U.S. BANK be required to provide an accurate payoff statement;

(b)  That U.S. BANK be required to provide the information requested in Plaintiff's RFI;

(c)  For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1640(a) and 12 U.S.C. § 2605(f); and

(d)  Such other relief to which this Honorable Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, ESTHERE OCTAVE, hereby demands a trial by jury of all issues so triable.


Respectfully Submitted,

 /s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:      (954) 523-4357
Facsimile:      (954) 581-2786